## Petition of City of Erie et al.

*Byron A. Baur*, for petitioner.

*Hosbach, Good & Fischer*, for exceptants.

*William B. Washabaugh, Jr.*, for proposed purchaser.

EVANS, J., February 15, 1944.—This matter is before us on exceptions to a petition filed on behalf of the City, the School District, and the County of Erie, seeking an order of court approving the sale of property located in the City of Erie, formerly the property of J. H. Braggins' Estate.

Taxes due the city and school district had remained unpaid since the year 1930, and taxes due the county had remained unpaid since the year 1935. The municipalities had instituted sheriff's sale proceedings to recover these past-due taxes, with the result that the municipalities became the purchasers of said property at a sheriff's sale held November 8, 1942, and received a sheriff's deed which was recorded December 22, 1942, in Erie County Deed Book 319, p. 310.

Under the provisions of section 32 of the Act of May 16, 1923, P. L. 207, the owners had the right to redeem the property for the period of one year after the sale, and some of those interested in the property interviewed representatives of the municipalities for the purpose of determining a method to pursue toward such redemption. The school tax collector, on September 24, 1943, notified one of the owners, Fred E. Brag-

gins, that the amount necessary to redeem at that time was approximately $5,300, but the right to settle at that figure would expire November 1, 1943, under the provisions of the Penalty Abatement Act of May 1, 1941, P. L. 34. Mr. Hadley (the collector) also told Mr. Braggins that he should consult an attorney, because it might be that a redemption of the property would revive an existing mortgage in the amount of approximately five thousand dollars, and that any plans for redemption should take into consideration such possibility. This was clearly a friendly and proper gesture on the part of Mr. Hadley.

After the expiration of the period of redemption the three municipal bodies entered into an agreement with the Thompson Manufacturing Company to sell the property to said company for the sum of $7,000, and the petition was filed in this court seeking approval of such sale. Part of the owners of the property, prior to the tax sale, filed objection to the sale and offered the sum of $5,400, which amount includes all of the past-due taxes without penalty or interest.

It is contended on the part of the Braggins heirs that this court has authority to refuse to permit the proposed sale to the Thompson Manufacturing Company and to order a sale for the offer of $5,400 to the Braggins heirs, or part of them, because the policy of the law is, wherever possible, to permit the owner of his property to continue such ownership, even though the amount offered by way of repurchase is smaller than the amount offered by a third party. As authority for this proposition, exceptant cites the opinion of Judge Braham in Scanlon's Petition, 48 D. & C. 222.

The Act of May 21, 1937, P. L. 787, as amended by the Act of July 29, 1941, P. L. 600, sec. 2, limits the power and authority of this court in such matters to the approval of a sale which has been agreed upon by one of the taxing bodies. No authority is given this court to order such a sale in the absence of such an agree-

ment. The provisions of the acts above referred to are very clear in this respect, and in Scanlon's Petition, supra, the taxing bodies clearly recognized the law as such and presented two petitions, one for approval of the sale to the former owners, and the other for the approval of sale to third persons. This clearly left a choice to the court of common pleas which, under the circumstances of that case, approved the sale to the former owners. In this case the taxing bodies have not entered into any agreement with the former owners, and have specifically refused to make any such agreement. Therefore, this court has absolutely no discretion in the matter, and would violate the provisions of the above-recited acts of assembly were it to direct the acceptance of the Braggins bid.

And now, to wit, February 15, 1944, the exceptions to the approval of sale are dismissed; and, it appearing that the proposed sale of property described in Erie County Deed Book 319, p. 310, for the sum of $7,000 to the Thompson Manufacturing Company, will be to the advantage of the taxing municipalities, said sale is hereby approved.